IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES MONROE DAILEY, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 4:16-CV-00003-CDL-MSH |
| Warden SHAY HATCHER, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

### ORDER

In accordance with the Court's previous Order, Plaintiff has now submitted an initial partial filing fee and his claims are ripe for preliminary review under 28 U.S.C. § 1915A. Having reviewed Plaintiff's allegations in the three cases consolidated into the above-captioned matter, the Court concludes that they fail to state a claim upon which relief may be granted and Plaintiff's claims must therefore be **DISMISSED without prejudice.**

**I.    Motion to Amend/Correct**

Plaintiff has filed a motion to amend or correct his initial Complaint (ECF No. 7). Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading "once as a matter of course within . . . 21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Any other amendments require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff filed his motion to amend within 21 days after serving

it, he is permitted as a matter of course to amend his Complaint. *Id.* Accordingly, Plaintiff's motion to amend (ECF No. 7) is **GRANTED.**

The Court also notes that Plaintiff filed an additional amended complaint. (ECF No. 9). While this amendment requires "the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2), the Court finds it appropriate to permit the amendment. It appears from the amended complaint that Plaintiff has simply combined his allegations from the three cases consolidated into the above-captioned action into one document. As such, the Court will consider the allegations made in Plaintiff's amended complaint during its initial screening of Plaintiff's claims pursuant to 28 U.S.C. § 1915A.

## II. Motion to Appoint Counsel

Plaintiff has filed a Motion for Appointment of Counsel (ECF No. 8). Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In this case, Plaintiff has filed his claims on standard § 1983 forms. The Court is required to review the pleadings to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts as stated by Plaintiff are not complicated, and the law governing Plaintiff's claims is neither novel nor

complex. Plaintiff's motion to appoint counsel (ECF No. 8) is accordingly **DENIED**.

### III. Motion for Leave to Proceed *in forma pauperis*

Plaintiff has also filed another motion for leave to proceed *in forma pauperis* (ECF No. 13). The Court has already granted Plaintiff permission for leave to proceed without prepayment of the entire filing fee, and Plaintiff has already paid the partial filing fee required by the Court. Accordingly, Plaintiff's most recent motion for leave to proceed *in forma pauperis* (ECF No. 13) is **DENIED as moot.**

### IV. Preliminary Screening

#### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v.*

3

*Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B. <u>Factual Allegations</u>

According to Plaintiff's filings in this case, on four separate occasions between December of 2014 and January of 2016, he was subjected to secondhand smoke, or environmental tobacco smoke ("ETS") while being transported in a prison vehicle. (Am. Compl. 5-7, ECF No. 9.) Plaintiff contends that transport officers Defendants Dixon, Ford, and Cook smoked cigars and cigarettes in the transport vehicles for several hours at a time, "filling the van with 2nd hand smoke." *Id.* at 5. Plaintiff also alleges that Defendants Ford and Crow should have prevented their coworkers from smoking in the transport vans. *Id.* at 8. Plaintiff asserts that his asthma was aggravated by the ETS and that during some of the trips he was unable to use his inhalers because he was cuffed to a waist chain during the transports. *Id.* at 5. Plaintiff thus contends that he "suffered physical and mental harm because he could not get any fresh air causing him to asphyxiate." *Id.* Plaintiff also alleges he became short of breath and experienced coughing spells, headaches, and watery eyes. *Id.* He also states that he "suffered from congested lungs for 3-4 days" after at least two trips. *Id.*

Plaintiff further alleges that Defendants Bryson and Hatcher failed to appropriately train their subordinates "regarding 2nd hand smoke and the clean air act." (Am. Compl. 7.) Plaintiff also contends that Defendant Bryson "failed to put no smoking labels inside the transport van's cab" and that Defendant Hatcher failed to respond to Plaintiff's grievances. *Id.* Plaintiff also mentions that prison counselors Madearest and Knight failed to report that officers were smoking in the transport van after Plaintiff filed grievances related to this conduct. *Id.* at 9.

C. Plaintiff's Claims

*1.    Claims against the Transport Officers*

The bulk of Plaintiff's claims relate to his allegations that Defendants Dixon, Ford, Cook, and Crow harmed him by exposing him to ETS during transports. A prisoner's allegations that he has been exposed to ETS can state an Eighth Amendment violation cognizable under 42 U.S.C. § 1983. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). To state a claim based on ETS exposure, the prisoner must allege that prison officials have, with deliberate indifference, exposed the prisoner to levels of ETS that pose an unreasonable risk of serious damage to the prisoner's current or future health. *See id.* at 32-33; *see also Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (per curiam). Whether the prisoner's ETS claim is considered a conditions-of-confinement claim or a claim for failure to provide appropriate medical treatment, the plaintiff must show that prison officials acted with deliberate indifference to prevail. *Helling*, 509 U.S. at 32. This requires the plaintiff to "prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Id.* at 35. With respect to ETS claims specifically, the objective factor requires a showing that the prisoner "himself is being exposed to unreasonably high levels of ETS." *Kelley*, 400 F.3d at 1284. The subjective factor requires a showing "that prison authorities demonstrated a 'deliberate indifference to [the prisoner's] plight.'" *Id.*

Plaintiff has alleged that he was exposed to ETS for a period of approximately four hours at a time on four separate occasions spanning over a year. Plaintiff acknowledges

that although the back of the van where the prisoners were seated had no windows, the other transport officer "was able to open his window and get some air," (Compl. 4), which would have reduced the total amount of ETS that was permitted to circulate inside the van. Plaintiff does not allege that his exposure to ETS required medical treatment of any kind, nor does he contend that his exposure to ETS caused anything more than "mere discomfort or inconvenience." *See Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). Plaintiff has thus failed to satisfy the objective inquiry. To state an Eighth Amendment claim, Plaintiff is required to show that his ETS exposure was "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling*, 509 U.S. at 36. The intermittent exposure to ETS complained of by Plaintiff may have been unpleasant, but even given Plaintiff's allegation that he suffers from asthma, it does not reach the level of gravity required to state a constitutional claim. *See, e.g., Morefield v. Brewton*, 442 F. App'x 425, 427 (11th Cir. 2011) (per curiam) (finding that prisoner had "not shown that he was exposed to sufficiently 'grave' levels of ETS to constitute a violation of the Eighth Amendment" in part because he spent only two months in a building with allegedly high levels of ETS); *Richardson v. Spurlock*, 260 F.3d 495, 497-98 (5th Cir. 2001) (affirming dismissal of Eighth Amendment claims as frivolous where prisoner claimed exposure to ETS during bus rides to and from work assignments caused him to "gasp for breath," suffer from nausea, and "allegedly aggravated his 'existing medical conditions such as high blood pressure, blood clotting, edema, arthritis, tumors, etcetera'"); *Oliver v. Deen*, 77 F.3d 156, 158 (7th Cir. 1996) (denying Eighth Amendment

claim by prisoner who alleged ETS aggravated his asthma, causing "wheezing, shortness of breath, dizziness, and, at times, nausea").

Even if Plaintiff were able to satisfy the objective inquiry, Plaintiff's allegations are insufficient to satisfy the subjective inquiry. Plaintiff never actually alleges that he informed Defendants Dixon, Ford, Cook, or Crow that he suffered from asthma, that exposure to ETS would bother him, or that any medical personnel advised him to avoid ETS. Plaintiff also does not allege that his distress in the vehicle would have been apparent to the transport officials or that he ever made the transport officials aware of his distress or his need to use his inhalers and was denied that opportunity. In other words, Plaintiff fails to sufficiently allege that Defendants Dixon, Ford, Cook, or Crow knew of and disregarded a substantial risk of harm to Plaintiff by exposing him to ETS in the transport vehicles. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Plaintiff's allegations that these Defendants violated his constitutional rights by exposing him to ETS while in the transport vehicles must therefore be **DISMISSED without prejudice.**

### 2. *Claims against the Supervisory Defendants*

It also appears from Plaintiff's submissions to the Court that he seeks to hold

Defendants Bryson and Hatcher liable for the actions of their subordinates under a theory of vicarious or supervisory liability. There is no such liability under § 1983. Instead, supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff alleges Defendants Bryson and Hatcher failed to ensure that no-smoking laws and policies were followed, failed to properly train their subordinates, and did not respond to grievances; he does not describe events suggesting a history of widespread abuse or any other facts that could causally connect these Defendants to the constitutional violations allegedly suffered by Plaintiff. Plaintiff's conclusory allegations are therefore insufficient to state a claim upon which relief may be granted. *See, e.g., Salas v. Tillman*, 162 F. App'x 918, 922 (11th Cir. 2006) (per curiam) (a "conclusory allegation that [w]arden . . . failed to properly train and supervise his staff . . . was insufficient to set forth

a claim under § 1983"); *see also Hendrix*, 535 F. App'x at 805 (prisoner's conclusory statements and supervisors' awareness of administrative grievances and state court litigation insufficient to support supervisory liability).  Further, even if Defendants were somehow negligent in their supervision of their subordinates, prison officials cannot be held liable under § 1983 for simple negligence.  *Daniels v. Williams*, 474 U.S. 327, 336 (1986); *see also Morefield*, 442 F. App'x at 427 (prison officials' negligent failure to strictly enforce no-smoking policy "falls short of an Eighth Amendment violation").  Thus, to the extent Plaintiff seeks to hold Defendants Bryson and Hatcher liable for constitutional violations, such claims must also be **DISMISSED without prejudice.**

### 3. *Claims against the Prison Counselors*

In his Amended Complaint, Plaintiff contends that prison counselors Knight and Madearest "failed to report that officers were smoking in the transport van" after Plaintiff complained about such activity and filed grievances with the counselors related thereto. (*See* Am. Compl. 3-4, 9.)  It is unclear whether Plaintiff seeks to name Knight and Madearest as Defendants in this case, and the constitutional basis for any claims against them is likewise unclear.  As noted above, any negligence on the part of Knight and Madearest would not be sufficient to state a constitutional claim.  *Daniels*, 474 U.S. at 336.  Further, to the extent Plaintiff contends Knight and Madearest failed to properly process his grievances or complaints, prisoners have no constitutionally-protected liberty interest in accessing a prison's grievance procedure.  *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam); *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir.

...

2007) (per curiam) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."). Accordingly, to the extent Plaintiff seeks to bring claims against Knight or Madearest, such claims are **DISMISSED without prejudice.**

## V.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to amend or correct his Complaint (ECF No. 7), **DENIES** Plaintiff's motion to appoint counsel (ECF No. 8), and **DENIES** as moot Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 13).   Further, because Plaintiff has failed to state a claim upon which relief may be granted as to each of the named Defendants in this case, Plaintiff's claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this   9th day of May, 2016.

        s/Clay D. Land  
        CLAY D. LAND  
        CHIEF U.S. DISTRICT COURT JUDGE  
        MIDDLE DISTRICT OF GEORGIA